UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KHAN SADOZAI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEFENSE LANGUAGE INSTITUTE,<br><br>　　　　Defendant. | Case No. 21-cv-01409-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>[Re: ECF No. 11] |

Before the Court is Defendant Defense Language Institute's motion to dismiss Plaintiff Khan Sadozai's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff was employed as an assistant professor by Defendant, which is part of the U.S. Army. ECF No. 1-1 at 3. Plaintiff alleges that Defendant subjected him to employment discrimination due to his national, tribal, and regional origins, as well as his dialect and religion. *Id.* at 5-6. Plaintiff asserts (1) an unspecified intentional tort claim including for "Emotional Distress damages" and claims under (2) Title VII; (3) the No FEAR Act; and (4) the California Fair Employment and Housing Act. *Id.* at 3-4.

Plaintiff filed his complaint in California state court on November 24, 2020. *See* ECF No. 1-1. The case was removed to federal court on February 26, 2021. *See* ECF No. 1 ¶ 1. Defendant filed its Motion to Dismiss on April 12, 2021. *See* ECF No. 11 ("Mot."). Plaintiff filed an Opposition on June 13, 2021. *See* ECF No. 16. Defendant filed a Reply on June 17, 2021. *See* ECF No. 17. The Court held a hearing on the Motion on October 7, 2021.

**I.   LEGAL STANDARD**

A party may challenge the Court's subject matter jurisdiction by bringing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial

1   or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack,
2   the movant asserts that the lack of subject matter jurisdiction is apparent from the face of the
3   complaint. *Id.*

## II.   DISCUSSION

This case was removed from state court under 28 U.S.C. § 1442.  *See* ECF No. 1 at 1. Plaintiff argues removal under this statute was not proper because it applies only to cases against federal officers—not agencies.  Opp. at 2-3.  But the text of the statute unambiguously provides otherwise.  28 U.S.C. § 1442 (allowing removal of a case against "[t]he United States or any **agency** thereof") (emphasis added).  Under the derivative jurisdiction doctrine, federal courts only have jurisdiction over cases removed pursuant to 28 U.S.C. § 1442 if the state court had jurisdiction in the first place.  *See In re Elko County Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997); *FBI v. Super. Ct. of Cal.*, No. C-07-01876 PJH (JCS), 507 F.Supp.2d 1082, 1091-92 (N.D. Cal. Aug. 22, 2007).  The derivative jurisdiction requirement applies to cases removed under 28 U.S.C. § 1442 that could have been (but were not) removed under 28 U.S.C. § 1441, which has no derivative jurisdiction requirement.  *See FBI*, 507 F.Supp.2d at 1090-91; *DeJohn v. USDA*, 2017 WL 5900047, at *3 n.2 (E.D. Cal. Nov. 30, 2017) ("[T]he court is unaware of any authority allowing it to construe this case as being removed under a different statute than the one which defendant chose to invoke."); *Munshower v. City of Lodi*, 2016 WL 6875905, at *2 (E.D. Cal. Nov. 22, 2016).

The Court finds that the state court did not have jurisdiction over any of Plaintiff's claims. Sovereign immunity bars Plaintiff's state law claims.  *See Brown v. GSA*, 425 U.S. 820, 835 (1976). Title VII and tort claims against federal employees can only be brought in federal court. 28 U.S.C. § 1346(b)(1); *Bullock v. Napolitano*, 666 F.3d 281, 285-86 (4th Cir. 2012).  And the No FEAR Act provides no private cause of action.  *See Moore v. Grundmann*, No. 11-cv-1570-GPC-WMC, 2013 WL 2177775, at *7 (S.D. Cal. May 20, 2013) (citing *Glaude v. U.S.*, 248 Fed. App'x. 175, 177 (Fed. Cir. 2007).)

Based on the state court's lack of jurisdiction, this Court does not have subject matter jurisdiction over any of Plaintiff's claims, because it lacks derivative jurisdiction required for cases removed under 28 U.S.C. § 1442.  Accordingly, the Court declines to reach any of the other issues

briefed by the parties. *See Echevarria v. Aerotek, Inc.*, 814 Fed.Appx. 321, 322 (9th Cir. 2020).

### III.  ORDER

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss pursuant to Rule 12(b)(1). Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. If Plaintiff chooses to refile his case in federal court, the Court advises Plaintiff to address any deficiencies in its complaint that Defendant identified in its briefing.

Dated: October 7, 2021

_____
BETH LABSON FREEMAN
United States District Judge